<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARIANA MARTINEZ,

      Plaintiff,

      v.

ONEMAIN FINANCIAL GROUP, LLC,

      Defendant.

---

Civil Action No. 25-17296 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant OneMain Financial Group, LLC's ("Defendant") Motion to Dismiss (ECF No. 4) Plaintiff Mariana Martinez's ("Plaintiff") Complaint (ECF No. 1-2). Plaintiff opposed (ECF No. 5), Defendant replied (ECF No. 6), and Plaintiff then replied further in opposition (ECF No. 7). Plaintiff also filed a Sur-Reply in further opposition. (ECF No. 8.)[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>[2]**

On September 30, 2025, Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, asserting three causes of action arising from a loan involving a

---

[1] Plaintiff did not file a motion for leave to file a sur-reply as required by Local Civil 7.1(d)(6). Given that Plaintiff is proceeding *pro se*, the Court construes Plaintiff's filing as a request for leave to file, and for good cause shown grants Plaintiff leave to file the Sur-Reply.

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

vehicle lien: (1) violation of New Jersey law regarding consumer lenders; prohibited acts and practices, New Jersey Stat. Ann. § 17:11C-41 ("Section 11C-41"); (2) violation of the Truth in Lending Act (the "TILA"), 15 U.S.C. § 1601 *et seq.*; and (3) violation of the Gramm-Leach-Bliley Act (the "GLBA"), 15 U.S.C. § 6802, *et seq. (See generally* Compl., ECF No. 1-2.) Plaintiff alleges that Defendant has placed a lien on her vehicle which is unlawful under Section 11C-41 because "vehicle title liens are unlawful where the proceeds are not used to purchase that vehicle." (*Id.*)

Defendant removed the action to this Court invoking its federal question jurisdiction on November 7, 2025. (Not. of Removal, ECF No. 1.) Defendant thereafter filed the instant Motion to Dismiss (Def.'s Mot. to Dismiss, ECF No. 4), Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 5), Defendant replied (Def.'s Reply Br., ECF No. 6), and Plaintiff further replied in opposition (Pl.'s Opp'n Reply Br., ECF No. 7). Plaintiff also filed a Sur-Reply in further opposition. (Pl.'s Sur-Reply, ECF No. 8.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure[3] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

2

allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, while *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

Defendant argues that the Complaint should be dismissed because: (1) Plaintiff fails to state a claim under Section 11C-41 because Plaintiff misinterprets the statute; (2) the TILA does not apply to the alleged conduct because Plaintiff has not plausibly alleged that Defendant mischaracterized the collateral securing her loan; (3) Plaintiff's TILA claim is time-barred; and (4) the GLBA does not provide a private right of action. (Def.'s Moving Br. 5-9, ECF No. 4-1.)

### A.    Subsection 11C-41

In opposition to Defendant's Motion to Dismiss Plaintiff cites *Perez v. Rent-A-Center*, 892 A.2d 1225 (N.J. 2006), for the proposition that vehicle liens are only permitted when a lender

3

finances the purchase. (Pl.'s Opp'n Br. *2; Pl.'s Opp'n Reply Br. *1-2.)[4] *Perez*, however, does not deal with vehicles or the interpretation of Section 11C-41, but, instead, interprets and applies statutes involving retail installment rent-to-own-contracts. *See id.* at 1267-74.

Section 11C-41 provides, in relevant part, that:

> [n]o consumer lender shall make any loan upon security of any assignment of or order for the payment of any salary, wages, commissions or other compensation for services earned, or to be earned, nor shall any such assignment or order be taken by a licensee at any time in connection with any consumer loan, or for the enforcement or repayment thereof, and any such assignment or order hereafter so taken or given to secure any loan made by any licensee under this act shall be void and of no effect.

N.J. Stat. Ann. § 17:11C-41(a). The statute also provides that "[n]o consumer lender shall take a lien upon real estate as security for any consumer loan, except a lien created by law upon the recording of a judgment." *Id.* § 17:11C-41(b).

Plaintiff alleges that Defendant violated Section 11C-41 by placing a lien on her vehicle as security for the loan. (*See* Compl.) The plain language of the statute, however, does not prohibit a lender from obtaining a security interest in a motor vehicle. *See* N.J. Stat. Ann. § 17:11C-41. Section 11C-41, rather, restricts a lender's ability to secure a loan by means of an assignment of wages or compensation, *id.* § 17:11C-41(a), or a lien on real estate except by judgment, *id.* § 17:11C-41(b). It therefore appears that Plaintiff misconstrues the meaning of "real estate." A vehicle is personal property, not real estate. *See* N.J. Stat. Ann. § 1:1-2 (defining "real estate"); *id.* § 39:1-1 (defining "vehicle"). In general, personal property is defined as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property." *Frank L. Rizzo Monument Comm. v. City of Philadelphia*, No. 20-3245, 2022 WL 125907, at *4 (E.D. Pa. Jan. 13,

---

[4] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

2022) (quoting *Personal Property*, Black's Law Dictionary (11th ed. 2019)). In New Jersey, real estate and real property includes "lands, tenements and hereditaments and all rights thereto and interests therein." *State v. Kosch*, 133 A.3d 669, 677 n.6 (App. Div. 2016) (quoting N.J. Stat. Ann. § 1:1-2). Section 11C-41 simply does not limit security interests in personal property. *See* N.J. Stat. Ann. § 17:11C-41. Plaintiff, accordingly, has failed to adequately allege any conduct of Defendant that violated Section 11C-41.

**B.    The TILA**

Plaintiff also alleges that Defendant "mischaracterized" the collateral pursuant to Section 11C-41 and that the TILA prohibits "[a] lien premised on a transaction not permitted under New Jersey law." (Compl.) As discussed above, however, a lien on personal property is permitted under New Jersey law. Plaintiff, accordingly, has failed to state a claim pursuant to the TILA.

**C.    The GLBA**

As to Plaintiff's GLBA claim, "the [GLBA] does not provide a private cause of action." *Bycko v. State Farm Mut. Auto. Ins. Co.*, No. 25-1103, 2025 WL 1453655, at *2 (D.N.J. May 21, 2025) (citation modified) (quoting *West v. Sun Trust Mortg.*, No. 18-3778, 2018 WL 4635786, at *4 (E.D. Pa. Sep. 26, 2018)); *see also, e.g.*, *Miller v. Navy Fed. Credit Union*, No. 23-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023) (dismissing claim based on GLBA with prejudice

because the GLBA does not provide a private right of action). Plaintiff, accordingly, has failed to

state a claim pursuant to the GLBA.[5]

## IV.    CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted.[6] The Court will

issue an Order consistent with this Memorandum Opinion.

/s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: MAY 28, 2026

---

[5] In her opposition briefs and Sur-Reply, Plaintiff appears to argue that there are several other causes of action. Specifically, Plaintiff argues that Defendant: (1) committed fraud and fraudulent inducement by "misrepresent[ing] that Plaintiff had to surrender her title to obtain a loan"; (2) violated the FCRA by "[f]alse credit reporting" and "inaccurate[ly] . . . furnish[ing] . . . information"; (3) violated the New Jersey Consumer Fraud Act by "coerc[ing] Plaintiff into surrendering a title it had no right to take; and (4) was unjustly enriched and that the parties' contract was unconscionable because it was "obtained through coercion[.]" (Pl.'s Opp'n Br. 1-2; Plaintiff's Opp'n Response 2; Pl.'s Sur Reply Opp'n Br. 2.) These causes of action, or factual assertions that would support such causes of action, however, were not pleaded in Plaintiff's Complaint. (*See generally* Compl.) A plaintiff "may not assert new facts or assert new claims in response to a motion to dismiss." *Harris v. U.S. Dep't of State*, No. 25-2157, 2026 WL 686952, at *1 n.1 (E.D. Pa. Mar. 11, 2026); *see also Est. of Rudi v. City of Philadelphia*, No. 24-5904, 2025 WL 2784227, at *2 (E.D. Pa. Sep. 30, 2025) ("Plaintiffs cannot supplement their pleading with new allegations or facts in their response to a motion to dismiss; the correct procedure is to seek leave to amend."). The Court, accordingly, will not consider such claims.

[6] The Court notes that Plaintiff's Complaint is bereft of factual allegations such that the Court cannot glean from the Complaint the nature and background of the lien, the loan, or how Plaintiff acquired the vehicle at issue. (*See generally* Compl.); *see also Mala*, 704 F.3d at 245 ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."). Should Plaintiff choose to file an amended complaint, Plaintiff must include, in the body of her amended complaint, sufficient factual allegations underlying her claims, and all of the claims that Plaintiff wishes to assert.

6