**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIANA MARTINEZ,<br>Plaintiff,<br>v.<br>ONE MAIN FINANCIAL GROUP, LLC,<br>Defendant. | Civil Action No. 25-17296 (MAS) (TJB)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant OneMain Financial Group, LLC's ("Defendant") Motion to Dismiss (ECF No. 12) Plaintiff Mariana Martinez's ("Plaintiff") Amended Complaint (ECF No. 11). Plaintiff did not oppose, and, accordingly, Defendant did not reply.[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.[2]

[1] "While Plaintiff did not file [an] opposition to [Defendant's] motion, the Court must address unopposed motions to dismiss a complaint on the merits. This is typically true in matters involving pro se plaintiffs." *Baker v. Experian Info. Sols., Inc.*, No. 23-3640, 2024 WL 511651, at *1 (D.N.J. Feb. 9, 2024) (citations and quotations omitted).

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true and considers the factual allegations in the Amended Complaint, exhibits attached to the Amended Complaint, and public documents cited throughout the Amended Complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents" on a Rule 12(b)(6) motion (citation omitted)).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit on September 30, 2025, when Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, asserting three causes of action arising from a loan for a vehicle she purchased.[3] (*See generally* Compl., ECF No. 1-2.) Defendant moved to dismiss Plaintiff's Complaint, which the Court granted, dismissing the Complaint without prejudice. (ECF Nos. 9-10.)

In her Amended Complaint, Plaintiff asserts five new causes of action: (1) Fraudulent Inducement ("Count One"); (2) Negligent Misrepresentation ("Count Two"); (3) Violation of the New Jersey Consumer Fraud Act (the "NJCFA"), N.J. Stat. Ann. § 56:8-1, *et seq.* ("Count Three"); (4) Unjust Enrichment ("Count Four"); and (5) Declaratory and Equitable Relief ("Count Five"). Plaintiff alleges that she "applied online for a personal consumer loan through Defendant," and after submitting the loan application, Defendant called her, informed her that she was approved for the loan, and instructed her to finalize the transaction at Defendant's branch office. (Am. Compl. ¶¶ 13-17, ECF No. 11.) Defendant allegedly failed to inform Plaintiff during the brief phone call that: (1) "the loan would be secured by her vehicle" (*id.* ¶ 18); (2) "she would be required to surrender the title to her vehicle" (*id.*); (3) "she should bring the title to her vehicle to the branch office" (*id.*); and (4) "funding was contingent upon granting Defendant a lien against her vehicle" (*id.*). Because Plaintiff "reasonably understood that she had been approved for a personal loan and that she was being asked to appear at Defendant's office to finalize the transaction," Plaintiff did not bring the vehicle title when she appeared at Defendant's branch

[3] Specifically, Plaintiff asserted claims for: (1) violation of New Jersey law regarding consumer lenders; prohibited acts and practices, New Jersey Stat. Ann.§ 17:11C-41; (2) violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; and (3) violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.*

office. (*Id.* ¶¶ 19-21.) While there, Plaintiff learned "for the first time that Defendant would not fund the loan unless Plaintiff surrendered the title to her" vehicle. (*Id.* ¶ 22.) Plaintiff left the office, retrieved the title, returned to Defendant's office, and completed the transaction to obtain a security interest for the vehicle. (*Id.* ¶¶ 23-24, 28.) Plaintiff now alleges that "the timing of Defendant's disclosure deprived Plaintiff of a meaningful opportunity to evaluate alternative financing options before proceeding" with the loan. (*Id.* ¶ 32.) Because of the loan transaction, Plaintiff alleges, the "previously unencumbered vehicle became subject to Defendant's lien," which "impaired [Plaintiff's] ability to freely sell, transfer, or otherwise utilize the vehicle as an asset." (*Id.* ¶¶ 36-37.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure[4] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the

[4] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint, asserting that it, "like her original pleading, is premised upon a misunderstanding of law and as a result fails to state a claim upon which relief can be granted." (Def's. Moving Br. 1, ECF No. 12-1.) Defendant specifically contends that each of Plaintiff's five causes of action "is flawed given Plaintiff pleads she was advised of the applicable lending requirement prior to accepting the terms of the loan, and she nonetheless voluntarily accepted the terms," undermining Plaintiff's ability to plausibly allege that "she relied upon any material inducement or misrepresentation." (*Id.* at 2.) The Court addresses each Count in turn.

### A. Counts One and Two

Defendant first argues that Counts One and Two fail to state a claim because Plaintiff voluntarily accepted the loan terms when she completed the transaction. (*See* Def.'s Moving Br. 6-9.) To sufficiently plead fraudulent inducement, a plaintiff must adequately allege: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting

damage." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011). Similarly, to state a claim for negligent misrepresentation, a plaintiff must allege that defendant "made an incorrect statement, upon which he or she justifiably relied, causing economic loss." *Id.* Here, for both claims, Plaintiff alleges that Defendant failed to inform her of the material fact that completing the loan transaction depended on Plaintiff producing the vehicle title (*see* Am. Compl. ¶¶ 40, 45), but nowhere in the Amended Complaint does Plaintiff allege that this fact was *false* (*see generally id.*). Because falsity is an essential element of both fraudulent inducement and negligent misrepresentation, the Court dismisses Counts One and Two.

**B. Count Three**

In Count Three, Plaintiff brings a claim under the NJCFA, which prohibits, in relevant part, "the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression[,] or omission, in connection with the sale or advertisement of any merchandise." N.J. Stat. Ann. § 56:8-2. To state a claim under the NJCFA, a plaintiff must allege "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Ullrich v. Target Corp.*, No. 24-8979, 2026 WL 2605886, at *5 (D.N.J. Sep. 2, 2026). "It is well-established that NJCFA claims must meet the heightened pleading requirements of [Rule] 9(b)." *Schechter v. Hyundai Motor Am.*, No. 18-13634, 2020 WL 1528038, at *4 (D.N.J. Mar. 31, 2020). To meet these requirements, "the plaintiff must plead or allege the date, time[,] and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation[,]" but this requirement is loosened slightly in the context of omission-based claims. *Id.*

The Amended Complaint alleges that Defendant "engaged in unlawful conduct by failing to disclose material information regarding the collateral requirement before Plaintiff appeared at

the branch office to complete the transaction[,]" which resulted in Plaintiff suffering "an ascertainable loss." (Am. Compl. ¶¶ 51-53.) There are no allegations, however, that Defendant's alleged nondisclosure was done knowingly or intentionally. (*See generally id.*) This alone is fatal to Plaintiff's NJCFA claim. *See Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 500 (D.N.J. 2009) (noting that "while the heightened pleading standard of Rule 9(b) allows essential elements of the omission under the NJCFA, such as intent, to be alleged generally, such elements still need to be alleged" (citation modified)).

In any event, it is unclear to the Court how Defendant's alleged failure to disclose the requirements for completing the loan transaction during its phone call with Plaintiff—which lasted "less than one minute" (Am. Compl. ¶ 16)—amounts to unlawful conduct that plausibly caused Plaintiff's allegedly ascertainable loss. Plaintiff alleges that "the timing of Defendant's disclosure deprived Plaintiff of a meaningful opportunity to evaluate alternative financing options before proceeding" and that Defendant's lien "impaired her ability to freely sell, transfer, or otherwise utilize the vehicle as an asset." (*Id.* ¶¶ 32-33, 36.) But the Amended Complaint contains no allegations that would allow the Court to accept—let alone reasonably infer—that Defendant's delay in disclosure ultimately hindered Plaintiff's ability to consider alternative financing options or to decline the loan and withdraw from the transaction before it was finalized. (*See generally id.*) Rather, Plaintiff alleges that: (1) Defendant "informed Plaintiff that she had been *approved* for the loan" during the phone call (*id.* ¶ 15 (emphasis added)); (2) upon Plaintiff's arrival at Defendant's branch office, Defendant relayed to Plaintiff that she would need her vehicle title to receive the pre-approved loan (*id.* ¶ 22); (3) Plaintiff took the time to "leave the branch office, travel to her residence, retrieve the title, and return to Defendant's office" (*id.* ¶ 24); and (4) with the knowledge

of the title requirement, she proceeded with finalizing the loan, resulting in "Defendant obtain[ing] a security interest in Plaintiff's vehicle (*id.* ¶ 28).[5] The Court, therefore, dismisses Count Three.

### C. Count Four

Plaintiff's unjust enrichment claim, plead in the alternative in Count Four, meets the same fate as the other Counts in the Amended Complaint.[6] To state a claim for unjust enrichment in New Jersey, a plaintiff must adequately allege that the defendant "received a benefit and that retention of that benefit without payment would be unjust." *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 196 (D.N.J. 2012) (citation modified). Here, Plaintiff has failed to make such a showing. The Amended Complaint simply alleges that "Defendant received benefits from the transaction, including interest, finance charges, and a security interest in Plaintiff's vehicle" and that Defendant's "retention of those benefits would be inequitable if Defendant's conduct is proven as alleged." (Am. Compl. ¶¶ 55-56.) The Amended Complaint is silent, however, regarding whether Defendant "sought to collect [money or other benefits] under the loan to which it is not entitled." (Def.'s Moving Br. 12.) On the facts alleged, the Court is left to agree with Defendant that Plaintiff, "having received the benefits of loaned money, cannot [plausibly] allege that it is unjust or inequitable for her to be responsible for repaying the loan" she agreed to undertake. (*Id.*) Count Four, therefore, fails to state a claim for unjust enrichment and must be dismissed.

---

[5] The Court also notes that Plaintiff concedes that "the written loan documents disclosed the existence of the security interest." (Am. Compl. ¶ 29.) It is unclear whether these written loan documents were only available to Plaintiff after she appeared at Defendant's branch office or whether they were made available to Plaintiff as early as when she submitted her loan application.

[6] Ordinarily, "New Jersey law does not recognize unjust enrichment as an independent tort cause of action." *Mason v. Coca-Cola Co.*, No. 09-220, 2010 WL 2674445, at *7 (D.N.J. June 30, 2010). An unjust enrichment claim, however, "may be sustained independently as an alternative theory of recovery." *Maniscalco*, 627 F. Supp. 2d at 505.

**D. Count Five**

As to Plaintiff's claim in Count Five for "Declaratory and Equitable Relief," the Court notes that these are remedies—not independent causes of action. *See 760 New Brunswick Urb. Renewal Ltd. Liab. Co. v. Navigators Specialty Ins. Co.*, No. 20-5877, 2021 WL 287876, at *6 (D.N.J. Jan. 28, 2021) (noting that "courts in this circuit routinely dismiss stand-alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action"); *Myers v. Advanced Stores Co.*, No. 19-18183, 2020 WL 2744632, at *6 (D.N.J. May 27, 2020) (dismissing plaintiff's equitable relief claim "because it [was] improperly styled as an independent cause of action, rather than a prayer for relief"). Plaintiff, accordingly, has failed to state a claim for declaratory and equitable relief. Count Five is therefore dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted, and Plaintiff's Amended Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: November 23rd, 2026